UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
SEAN GOTTLIEB,                                             **MEMORANDUM AND ORDER**
                                                           19 CV 6960 (RRM)
           Plaintiff,

      -against-

HOT FOREX, HF MARKETS (SV) LTD.,

           Defendant.
----------------------------------------------------------x
ROSLYNN R. MAUSKOPF, Chief United States District Judge:

      Plaintiff Sean Gottlieb, proceeding *pro se*, commenced the above-captioned action on November 27, 2019, and asserts diversity of citizenship pursuant to 28 U.S.C. § 1132 as a basis for the Court's jurisdiction. The Court grants Plaintiff's request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 solely for the purpose the purpose of this Order. For the reasons set forth below, the Court dismisses the complaint for lack of subject matter jurisdiction and grants Plaintiff leave to file an amended complaint within thirty (30) days of the date of this memorandum and order.

## Background

      The Court assumes the truth of the factual allegations in the Complaint for purposes of this Memorandum and Order. Plaintiff asserts that he is a citizen of the United States with a mailing address in Deer Park, New York. Defendant HotForex is an online foreign currency exchange (forex) trading services provider incorporated in Saint Vincent and the Grenadines.[1] Plaintiff alleges that on June 2019, he transferred $18,000.00 from his account at Bank of America to HotForex. (Compl., Doc 1 at 4). He asserts that he was credited $15,000.00 for the deposit rather than the amount he deposited. (*Id*.) Immediately thereafter, Plaintiff attempted to

---

[1] *See* https://www.hotforex.com/sv/en/about-us/about-hf.html (last visited December 13, 2019).

1

withdraw his money and was informed that due to trading losses, a $150.00 balance remained. (*Id*. at 5). Plaintiff seeks actual damages in the amount of $100,000.00 along with punitive damages.

## Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally"). Nevertheless, the court is required to dismiss *sua sponte* an *in forma pauperis* action if the court determines that it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

In addition, if the court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (holding that a

district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it." (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

## Discussion

### Lack of Subject Matter Jurisdiction

Plaintiff alleges that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Under the diversity statute, federal courts have subject matter jurisdiction over claims when the Plaintiff and Defendant are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N. Y. Branch v. Aladdin Capital Mgmt. LLC,* 692 F.3d 42, 48 (2d Cir. 2012). The party asserting diversity jurisdiction bears the burden of proving that it exists by a preponderance of the evidence. *Aurecchione v. Schoolman Transp. Sys., Inc.,* 426 F.3d 635, 638 (2d Cir. 2005); *Finnegan v. Long Island Power Auth*., No.17 CV 4424, 2019 WL 4467559, at *3 (E.D.N.Y. Sept. 18, 2019).

Pursuant to 28 U.S.C. § 1332(c)(1), a corporation's citizenship is in the state where it was incorporated and the state where it has its principal place of business. According to Plaintiff's allegations, Defendant is incorporated in Saint Vincent and the Grenadines. Thus, for the purpose of this order, diversity of citizenship is satisfied. However, Plaintiff fails to satisfy the amount-in-controversy. The "party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Scherer v. Equitable Life Assur. Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994))*; *Gilot v. Greyhound,* No. 18 CV 3074, 2018 WL 3093971, at *2 (E.D.N.Y. June 22, 2018). The

amount in controversy must be non-speculative in order to satisfy the statute. *Baltazar v. Earth Ctr. of Maanu, Inc.*, 14 CV 3543, 2014 WL 3887717, at *2 (E.D.N.Y. July 11, 2014). Here, Plaintiff alleges $18,000.00 in actual damages and seeks to include a claim for punitive damages and legal fees in order to meet the in excess of $75,000.00 amount-in-controversy threshold. Whereas here, the jurisdictional amount is met only by inclusion of a claim for punitive damages, such calculation must be considered with "heightened scrutiny." *Nwanza v. Time, Inc.*, 125 Fed.Appx. 346, 349 (2d Cir. 2005); *Cohen v. Narragansett Bay Ins. Co.*, No. 14 CV 3623, 2014 WL 4701167, at *3 n.4 (E.D.N.Y. Sept. 23, 2014) ("[T]he Court is not obligated to accept, on face value, a claimed amount of punitive damages, particularly where there would be no diversity without such damages." (citation omitted)).

Therefore, the Court is not able to determine whether there is a "reasonable probability" that damages exceed the $75,000 jurisdictional threshold. *See, e.g., GW Holdings Group, LLC v. US Highland, Inc.,* 367 F. Supp. 3d 78, 82 (S.D.N.Y. 2019) (dismissing action where Plaintiff failed to establish the amount in controversy); *Gilot v. Equivity,* No. 18 CV 3492, 2018 WL 3653150, at *3 (E.D.N.Y. July 31, 2018) (dismissing *pro* se action where, *inter alia*, Plaintiff failed to allege damages in excess of $75,000.00 as required to assert diversity jurisdiction in action); *Mallgren v. Sprint Nextel Corp.,* No. 13 CV 2477, 2014 WL 977663, at *3 (E.D.N.Y. Mar. 12, 2014) (same).

**Plaintiff's IFP application**

While the Court grants Plaintiff's IFP application for the purpose of the instant Order, the Court notes that the IFP application is deficient. The purpose of the statute permitting litigants to proceed IFP is to insure that indigent persons have equal access to the judicial system. *Davis v. NYC Dept. of Educ.*, No. 10 CV 3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010)

(citing *Gregory v. NYC Health & Hospitals Corp.*, No. 07 CV 1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)); *Cuoco v. U.S. Bureau of Prisons*, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004). Section 1915 of Title 28 of the United States Code authorizes a court to dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Courts have found that the "purpose of this provision is to 'weed out the litigants who falsely understate their net worth in order to obtain [IFP] status when they are not entitled to that status based on their true net worth.'" *Hobbs v. County of Westchester, et al.,* No. 00 Civ. 8170, 2002 WL 868269, at *2 (S.D.N.Y. May 3, 2002) (quoting *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir. 1997)); *accord Matthews v. Gaither,* 902 F.2d 877, 881 (11th Cir. 1990). The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court. *Farmer v. Dr. Lucia Patino, Optometrist, P.C.,* No. 18 CV 1435, 2018 WL 2214652, at *1 (E.D.N.Y. Mar. 16, 2018).

Here, Plaintiff in his IFP application states that he has zero dollars in income and assets. He further alleges that he has zero housing expenses and is not in debt. (IFP Appl., Doc 2). Thus, the financial information has submitted in support of his IFP request is insufficient for the Court to determine if Plaintiff is able to pay the filing fee. If Plaintiff elects to file an amended complaint, Plaintiff must, at the same time, file an amended IFP application with detailed information as to any income he receives from any source, and his monthly expenses. Plaintiff must submit his amended IFP application on the long form IFP application attached to this Order.

## Conclusion

Accordingly, the Court dismisses the Complaint without prejudice for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure. However,

in view of Plaintiff's *pro se* status, the Court grants Plaintiff leave to amend the Complaint to allege facts, if possible, to support subject matter jurisdiction. The Court grants Plaintiff thirty (30) days from the date of this Memorandum and Order to file an amended complaint. If Plaintiff files an amended complaint, Plaintiff must file an amended IFP application using the long form application attached to this Order. In lieu of submitting a long form IFP application, Plaintiff may pay the $400.00 filing fee.

If Plaintiff fails to file an amended complaint along with an amended IFP or fails to file an amended complaint and pay the Court's filing fee within 30 days of the date of this memorandum and order, judgment shall enter. No summons shall issue at this time, and all further proceedings shall be stayed for thirty (30) days.

The Clerk of Court is directed to send Plaintiff a long form IFP application along with this Order. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
January 12, 2021

*Roslynn R. Mauskopf*

───────────────────────────
ROSLYNN R. MAUSKOPF
Chief United States District Judge